1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH SCHWENK, | ) | Civil No. 11-cv-2069-L(JMA) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO** |
| | ) | **DISMISS WITH LEAVE TO AMEND** |
| v. | ) | **[DOC. 3]** |
| | ) | |
| CHULA VISTA POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On September 8, 2011, Plaintiff Kenneth Schwenk commenced this civil-rights and tort action against Defendant Chula Vista Police Department.  This action arises from alleged an arrest and detainment that occurred on October 17, 2010.  Defendant now moves to dismiss the complaint.  Plaintiff opposes.

The Court found this motion suitable for determination on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d.1).  (Doc. 6.)  For the following reasons, the Court **GRANTS WITH LEAVE TO AMEND** Defendant's motion to dismiss.

//

//

11cv2069

## I.   BACKGROUND

On or about October 17, 2010, police officers of the Chula Vista Police Department allegedly arrested, detained, and imprisoned Plaintiff.  (Compl. ¶¶ 11, 18, 19, 24 [Doc. 1].)  There are no additional factual allegations in the complaint describing Plaintiff's encounter with the police officers or Defendant.  As a result of this incident, Plaintiff "suffered severe injuries."  (*Id.* ¶ 28.)

On September 8, 2011, Plaintiff filed a complaint asserting three causes of action: (1) violation of civil rights, (2) false imprisonment, and (3) negligence.  Defendant now moves to dismiss the complaint with prejudice and without leave to amend.  (Def.'s Mot. 1:5–10 [Doc. 3].)  Plaintiff opposes.  (Doc. 7.)

## II.   LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party.  *Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).  Material allegations, even if doubtful in fact, are assumed to be true.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted).  In fact, the court does not need to accept any legal conclusions as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, — , 129 S. Ct. 1937, 1949 (2009)

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal citations omitted).  Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative

1   level." *Id.* Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual

2   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct.

3   at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff

4   pleads factual content that allows the court to draw the reasonable inference that the defendant is

5   liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability

6   requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

7   *Id.* A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory

8   or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749

9   F.2d 530, 534 (9th Cir. 1984).

10        Generally, courts may not consider material outside the complaint when ruling on a

11   motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19

12   (9th Cir. 1990). However, documents specifically identified in the complaint whose authenticity

13   is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1

14   (9th Cir. 1995) (superceded by statutes on other grounds). Moreover, the court may consider the

15   full text of those documents, even when the complaint quotes only selected portions. *Id.* It may

16   also consider material properly subject to judicial notice without converting the motion into one

17   for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

18

19   **III.   DISCUSSION**

20        Defendant argues that Plaintiff fails to allege facts sufficient to properly state a claim for

21   relief under 42 U.S.C. § 1983, false imprisonment, and negligence.[1]  In response, Plaintiff argues

22   that (1) he sufficiently alleges facts and properly states a claim for relief under § 1983, (2)

23   Defendant is liable for false imprisonment under California Government Code § 815.2(a), and

24   (3) Defendant may be held liable for negligence under California Civil Code § 1714. Plaintiff is

25

---

26       [1] In its reply, Defendant identifies several additional factual allegations that Plaintiff
asserts in his opposition but not in the complaint that it contends is not properly before the Court

27   for the purposes of its motion. (Def.'s Reply 2:11–3:1 [Doc. 8].) The Court agrees. Any factual
allegations found in the opposition but not the complaint will not be considered. *See Farr v.*

28   *United States*, 990 F.2d 451, 454 (9th Cir. 1993).

mistaken.

Here, Plaintiff fails to plead facts that allow the Court to draw a reasonable inference that Defendant is liable for the misconduct alleged. *See Iqbal*, 129 S. Ct. at 1949. All the facts that are known from the complaint are as follows: police officers who work for the City of Chula Vista arrested, detained, and imprisoned Plaintiff.[2] An arrest and detainment by police officers in and of itself does not necessarily or reasonably support an inference that there was any misconduct. In other words, all of Plaintiff's claims are not facially plausible based on the factual content provided in the complaint. *See id.* And the allegations in the complaint fail to raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555. Plaintiff's comprehensive failure to allege facts that produce any reasonable inference of Defendant's liability applies to each of his claims alleged in the complaint.

## IV.   CONCLUSION & ORDER

In light of the foregoing, the Court **GRANTS WITH LEAVE TO AMEND** Defendant's motion to dismiss. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where . . . amendment would be futile."). (Doc. 3.) If Plaintiff decides to file an amended complaint, he must do so by **April 30, 2012**.

**IT IS SO ORDERED.**

DATED: April 16, 2012

_____
M. James Lorenz
United States District Court Judge

COPY TO:
HON. JAN. M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[2] The other allegations in the complaint mostly consist of legal conclusions that the Court need not accept as true. *See Iqbal*, 129 S. Ct. at 1949.

11cv2069