1
2
3
4
5
6
7
8
9
10                    UNITED STATES DISTRICT COURT
11                  SOUTHERN DISTRICT OF CALIFORNIA
12

13   KENNETH SCHWENK,                    )   Case No. 11-cv-2069-L(JMA)
                                         )
14                       Plaintiff,      )   **ORDER GRANTING IN PART AND**
                                         )   **DENYING IN PART DEFENDANTS'**
15   v.                                  )   **MOTION TO DISMISS [DOC. 16]**
                                         )
16   CHULA VISTA POLICE                  )
     DEPARTMENT, *et al.*,               )
17                                       )
                         Defendants.     )
18   _____ )

19          On September 8, 2011, Plaintiff Kenneth Schwenk commenced this action against

20   Defendant Chula Vista Police Department ("CVPD") alleging violations of his civil rights under

21   28 U.S.C. § 1983 along with other tort claims.  Thereafter, Plaintiff amended his complaint to

22   add Defendant City of Chula Vista ("City").  Defendants now move to dismiss the Second

23   Amended Complaint ("SAC") or, in the alternative, strike portions of the SAC.  Plaintiff

24   opposes.

25          The Court found this motion suitable for determination on the papers submitted and

26   without oral argument.  *See* Civ. L.R. 7.1(d.1).  (Doc. 23.)  For the following reasons, the Court

27   **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss, and **DENIES**

28   Defendants' motion to strike.

# I.  BACKGROUND

This action arises from Plaintiff getting arrested at the Port of San Diego.  (SAC ¶ 9.)  At the time of the incident, Plaintiff was an employee of "San Diego Glass," a glass and window repair company based in La Mesa, California.  (*Id.* ¶ 10.)

About a year before the arrest, on or about September 13, 2009, Anthony's Fish Grotto, a restaurant located in Chula Vista, California, hired Plaintiff through San Diego Glass to repair a window that was broken during a burglary that took place the day before.  (SAC ¶ 12.)  Plaintiff "made contact" with the window frame and surrounding area in order to complete the glass installation at the restaurant.  (*Id.* ¶ 13.)  He concluded the installation on September 15, 2009.  (*Id.*)

On or about October 17, 2010, as Plaintiff was about to leave on a cruise, officers from the San Diego Harbor Police arrested Plaintiff and took him off of the cruise ship.  (SAC ¶ 14.)  The arrest was based on a warrant issued by the CVPD regarding the burglary at Anthony's Fish Grotto on September 12, 2009.  (*Id.*)  According to Plaintiff, CVPD alleged that he was involved in the September 12, 2009 burglary based on his fingerprints found on the window frame that he touched during the window repair.  (*Id.* ¶ 15.)  Furthermore, Plaintiff alleges that "CVPD possessed video surveillance footage from Anthony's Fish Grotto which reflects the actual individual who was involved in the burglary on September 12, 2009."  (*Id.* ¶ 16.)  Plaintiff contends that the surveillance video "clearly reflects that Plaintiff had no involvement in the burglary whatsoever." (*Id.*)  Despite the video and the "knowledge of the true identity of the person involved in the burglary," Plaintiff alleges that Defendants issued a warrant that resulted in his arrest and detainment.  (*Id.* ¶ 17.)

On September 8, 2011, Plaintiff commenced this action against CVPD alleging violations of his civil rights under 28 U.S.C. § 1983 along with claims for negligence and false imprisonment.  The Court granted CVPD's motion to dismiss and gave Plaintiff leave to amend his complaint.  Thereafter, Plaintiff amended his complaint to add the City as a defendant.  The Court then granted the parties' joint motion to give Plaintiff leave to again amend his complaint but for the express purpose of dismissing his negligence claim with prejudice.  Though Plaintiff

was given until June 28, 2012 to file his SAC, he did not actually file his SAC until September 11, 2012.  Defendants now move to dismiss the SAC or, in the alternative, strike portions of the SAC.  Plaintiff opposes.

## II.    LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party.  *Cedars-Sanai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).  Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks omitted).  In fact, the court does not need to accept any legal conclusions as true.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).  Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory

1   or for insufficient facts under a cognizable theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749

2   F.2d 530, 534 (9th Cir. 1984).

3           Generally, courts may not consider material outside the complaint when ruling on a

4   motion to dismiss.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19

5   (9th Cir. 1990).  However, documents specifically identified in the complaint whose authenticity

6   is not questioned by parties may also be considered.  *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1

7   (9th Cir. 1995) (superceded by statutes on other grounds).  Moreover, the court may consider the

8   full text of those documents, even when the complaint quotes only selected portions.  *Id.*  It may

9   also consider material properly subject to judicial notice without converting the motion into one

10  for summary judgment.  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

11

12  **III.    DISCUSSION[1]**

13          **A.    Involuntary Dismissal Under Federal Rule of Civil Procedure 41(b)**

14          Defendants seek an order from the Court dismissing this action under Federal Rule of

15  Civil Procedure 41(b).  (Defs.' Mot. 5:14–6:28.)  In determining whether to dismiss a case for

16  failure to comply with a court order, the district court must weigh five factors: (1) the public's

17  interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

18  risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

19  merits; and (5) the availability of less drastic alternatives.  *Ferdik v. Bonzelet*, 963 F.2d 1258,

20  1260-61 (9th Cir. 1992) (citing *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986);

21  *Henderson v. Duncan*, 779 F.2d 1421, 1423-24 (9th Cir. 1986)); *see also In re Eisen*, 31 F.3d

22  1447, 1451 (9th Cir. 1994); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).  "Although it is

23  preferred, it is not required that the district court make explicit findings in order to show that it

24  considered these factors[.]"  *Ferdik*, 782 F.2d at 831.

25          Defendants argue that after Plaintiff failed to file an amended complaint until 79 days

26

27          [1] Defendants describe the SAC as vague, confusing, and impermissibly combining
    multiple claims in one cause of action.  (Defs.' Mot. 7:1–28.)  This appears to be a Rule 8
28  challenge, but after reviewing the motion more closely, Defendants do not make a request to the
    Court on Rule 8 or any other grounds.

after it was due, each factor enumerated above favors dismissal.  Conversely, Plaintiff argues that each factor weighs against dismissal.  The Court agrees with Plaintiff.

 For the first factor, the Ninth Circuit found in *Eisen* that a four-year delay is "clearly unreasonable," but in *Ash*, it found that an approximate four-week delay "[did] not seem to be an usual length of time to let a case sit, particularly where there is no evidence of prejudice to the defendants." *Eisen*, 31 F.3d at 1452; *Ash*, 739 F.2d at 496.  In *Ash*, the Ninth Circuit also suggested that a six-week delay may not be unreasonable. *Ash*, 739 F.2d at 496.  The 79-day delay in this case was outside that the six-week point, but not by much.  Thus, this factor weighs against dismissal.

The second factor is usually reviewed in conjunction with the public's interest in expeditious resolution of litigation to determine if there is unreasonable delay.  *Eisen*, 31 F.3d at 1452.  And for reasons that include the finding that the first factor weighs against dismissal, the Court also concludes that the second factor also weighs against dismissal.

Defendants argue that the third factor favors dismissal because "Plaintiff's silence prior to filing his SAC after nearly 80 days passed beyond the limits of this Court's Order suggests that this presumption is warranted."  (Defs.' Mot. 6:9–13.)  Given that the 79-day is not unreasonable, and the SAC was an amendment to merely remove a claim from the First Amended Complaint, without more from Defendants, the Court cannot conclude Defendants were prejudiced by Plaintiff's delay.  In addition, Defendants neither show that there has been any loss of evidence nor a loss of memory by any potential witness.  *See Eisen*, 31 F.3d at 1453 (citing *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1281 (9th Cir. 1980)).

For similar reasons stated above, the Court also finds that the fourth and fifth factors—respectively, the public policy favoring resolution on the merits, and the availability of less drastic sanctions—also weigh against dismissal. *See Eisen*, 31 F.3d at 1454-55.  This case is ready for resolution on the merits, which the filing of Defendants' motion demonstrates, and there are less drastic sanctions that are available before dismissing this case that were neither requested nor considered. *See id.*

1    In sum, the Court finds that involuntary dismissal of this action under Rule 41(b) is not

2    warranted. *See Ferdik*, 963 F.2d at 1260-61.

3

4    **B.    Civil Rights Violations Under 42 U.S.C. § 1983**

5    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

6    (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

7    the alleged violation was committed by a person acting under the color of state law. *West v.*

8    *Atkins*, 487 U.S. 42, 28 (1988).  Section 1983 is not itself a source of substantive rights, but

9    merely provides "a method for vindicating federal rights elsewhere conferred." *Graham v.*

10   *Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3

11   (1979)).

12

13   **1.    *Monell***

14   Localities cannot be liable under § 1983 under a theory of *respondiat superior*.  *Monell v.*

15   *Dep't Soc. Servs.*, 436 U.S. 658, 691 (1978).  In order to state a claim against a locality, a

16   plaintiff must plead facts indicating that the locality directly violated § 1983.  *Monell* liability

17   may arise when a locality has an "official custom or policy" that requires its officers to engage in

18   illegal behavior. *Connick v. Thompson*, — U.S. —, —, 131 S. Ct. 1350, 1359 (2011).  Under

19   *Monell*, to prevail in a civil action against a local governmental entity, a plaintiff must establish

20   "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality

21   had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's

22   constitutional right; and (4) that the policy is the 'moving force behind the constitutional

23   violation.'" *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir.1992)

24   (quoting *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989)).

25   "In this circuit, a claim of municipal liability under section 1983 is sufficient to withstand

26   a motion to dismiss 'even if the claim is based on nothing more than a bare allegation that the

27   individual officers' conduct conformed to official policy, custom or practice.'" *Karim-Panahi v.*

28   *Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir.1988) (quoting *Shah v. Cnty. of Los*

11cv2069

1   *Angeles*, 797 F.2d 743, 747 (9th Cir.1986)); *see also AE ex rel. Hernandez v. Cnty. of Tulare*,

2   666 F.3d 631, 637 (9th Cir. 2012).  In *AE ex rel. Hernandez*, the Ninth Circuit addressed the

3   potential conflicts in the Supreme Court's jurisprudence on the pleading requirements applicable

4   to civil actions, and concluded that the following standard also applies to *Monell* claims:

5           [W]hatever the difference between [*Swierkiewicz*, *Dura*
            *Pharmaceuticals*, *Twombly*, *Erikson*, and *Iqbal*], we can at least state
6           the following two principles common to all of them.  First, to be
            entitled to the presumption of truth, allegations in a complaint or
7           counterclaim may not simply recite the elements of a cause of action,
            but must contain sufficient allegations of underlying facts to give fair
8           notice and to enable the opposing party to defend itself effectively.
            Second, the factual allegations that are taken as true must plausibly
9           suggest an entitlement to relief, such that it is not unfair to require the
            opposing party to be subjected to the expense of discovery and
10          continued litigation.

11  *AE ex rel. Hernandez*, 666 F.3d at 637 (alteration including case names in original) (quoting

12  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  Neither party applies *AE ex rel. Hernandez*

13  here.

14          In this case, in addition to the factual allegations discussed above regarding the

15  circumstances that led to Plaintiff's arrest, Plaintiff also alleges that the City and CVPD have a

16  policy, custom, or practice of: (1) "failing to thoroughly investigate crimes prior to arresting and

17  detaining suspects that may or may not be involved in the crime"; (2) "issuing arrest warrants of

18  individuals without a reasonable investigation"; (3) "arresting and detaining innocent individuals

19  without thorough investigation of evidence obtained from crimes"; and (4) "not performing a

20  reasonable review, verification, or inspection of warrants before issuance."  (SAC ¶¶ 26–29.)

21  Coupled with his allegations that Defendants issued a warrant and arrested him despite having

22  surveillance video that notified them that Plaintiff was not the burglar that they sought, Plaintiff

23  adequately gives Defendants fair notice to enable them to defend themselves effectively.  *See AE*

24  *ex rel Hernandez*, 666 F.3d at 637.  Furthermore, the Court finds that taking Plaintiff's factual

25  allegations as true plausibly suggests an entitlement to relief.  *See id.*

26  //

27  //

28  //

Accordingly, the Court **DENIES** Defendants' motion as to Plaintiff's *Monell* claim.[2]  *See AE ex rel. Hernandez*, 666 F.3d at 637; *see also Wallace v. City of N. Las Vegas*, No. 10-cv-01660, 2011 WL 2971241, at *1-2 (D. Nev. July 20, 2011) (citing *Shah*, 797 F.2d at 747) (finding the plaintiffs' allegation that "[t]he failure to provide adequate training and supervision amounts to deliberate indifference which was a proximate cause of Plaintiffs' injuries" is sufficient to state to a *Monell* claim).

### 2.    Other constitutional violations

Plaintiff also asserts his § 1983 claim based on violations of his Fourth, Fifth, and Fourteenth Amendment rights.  (SAC ¶ 33.)  Defendants move to dismiss the § 1983 claim for these constitutional violations arguing

> With regard to his allegation that Plaintiff was "wrongfully seized, detained, and falsely imprisoned/arrested without lawful reason, cause, or excuse," he fails to plead sufficient facts to show more than a mere possibility of misconduct.  [Citation.]  Plaintiff therefore fails to state a claim upon which he is entitled to relief.
>
> Plaintiff fails to plead sufficient facts to show he was deprived of due process of law, was unreasonably seized, and denied equal protection under the Constitution.  [Citation.]  Under *Iqbal*, Plaintiff is no longer permitted to rest on the laurels of legal conclusions.  He must support his conclusions with allegations of fact so that the court can draw a reasonable inference that defendant is liable for the misconduct alleged. Plaintiff's SAC does not provide sufficient facts to make his claims plausible.

(Defs.' Mot. 8:25–9:2.)  No further analysis is provided.  More importantly, Defendants fail to address the factual allegations Plaintiff includes in his SAC.  Consequently, Defendants fail to show that Plaintiff's § 1983 claim for violations of his Fourth, Fifth, and Fourteenth Amendment rights is legally deficient.[3]  *See* Fed. R. Civ. P. 12(b)(6); *Iqbal*, 556 U.S. at 678.

---

[2] Defendants emphasize that *Monell* liability "cannot be based on isolated or sporadic incidents and certainly may not be predicated on one incident."  (Defs.' Reply 8:7–23 (emphasis removed).)  As a legal proposition, Defendants correctly state the law.  However, as discussed above, Plaintiff adequately—albeit barely—alleges facts to sustain his *Monell* claim.

[3] Though Plaintiff's factual allegations may be somewhat bare, his § 1983 claim for constitutional violations appears to be facially plausible.  For example, an arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983.  *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022 (9th Cir. 2008).  Plaintiff's allegations suggest that Defendants knew Plaintiff was not the burglary suspect based on the

1    Accordingly, the Court **DENIES** Defendants' motion as to Plaintiff's § 1983 claim for

2    violations of his Fourth, Fifth, and Fourteenth Amendment rights.

3

4    **C.    False Imprisonment**

5    "A public entity is liable for injury proximately caused by an act or omission of an

6    employee of the public entity within the scope of his employment if the act or omission would . .

7    . have given rise to a cause of action against that employee[.]"  Cal. Gov't Code § 815.2(a).  "[A]

8    public entity is not liable for an injury resulting from an act or omission of an employee of the

9    public entity where the employee is immune from liability."  *Id.* § 815.2(b).

10   As Defendants astutely point out, Plaintiff's false-imprisonment claim relies solely on

11   California Government Code § 815.2.  (Defs.' Mot. 10:19–26.)  But according to Plaintiff, and

12   as Defendants emphasize, officers from the San Diego Harbor Police arrested him (SAC ¶ 14).

13   Plaintiff fails to address this in his opposition.  Consequently, Plaintiff fails to allege a plausible

14   claim against Defendants for the actions of non-party officers of the San Diego Harbor Police

15   under a *respondiat superior* theory codified in § 815.2.  *See* Cal. Gov't Code § 815.2; *Iqbal*, 556

16   U.S. at 678.

17   Accordingly, the Court **GRANTS** Defendants' motion as to Plaintiff's false-

18   imprisonment claim.

19

20   **D.    Defendants' Request to Strike Paragraphs in the SAC**

21   Rule 12(f) provides that a federal court may strike from the pleadings any insufficient

22   defense or any redundant, immaterial, impertinent, or scandalous matter.  Fed. R. Civ. P. 12(f).

23   The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout

24   litigation by dispensing of any spurious issues prior to trial.  *Sidney-Vinstein v. A.H. Robins Co.*,

25   697 F.2d 880, 885 (9th Cir. 1983).

26   Defendants contend that paragraphs 25 through 32 of the SAC "contain only legal

27   ───────────────

28   surveillance video, which leads to a reasonable inference that the warrant for Plaintiff's arrest
     may not have been supported by probable cause.

11cv2069

conclusions regarding supposed inappropriate customs of practices of Defendants," and "[t]he SAC is devoid of factual support for these allegations." (Defs.' Mot. 11:2–10.) Thus, they argue, "Plaintiff has failed to support the statements with even one fact[,]" and "the bald assertions are immaterial and impertinent and only serve to publicly prejudice Defendants." (*Id.*) Defendants provide no further legal analysis.

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief or defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). And "'[i]mpertinent' matter consists of statements that do not pertain, and not necessary, to the issues in questions." *Id.* Based on the Court's findings above, it is clear that Defendants' argument lacks merit. Thus, Defendants fail to show that the paragraphs identified in the SAC are either immaterial or impertinent. *See* Fed. R. Civ. P. 12(f); *Fantasy*, 984 F.2d at 1527.

Accordingly, the Court **DENIES** Defendants' motion to strike.

## IV.    CONCLUSION & ORDER

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss, and **DENIES** Defendants' motion to strike. If Plaintiff wishes to amend his complaint only as to the false-imprisonment claim, he may do so by **May 2, 2013**.

**IT IS SO ORDERED.**

DATED: April 18, 2013

M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

10

11cv2069